Kenji Kozuma, OSB# 954806
Email: kenji@kblawpdx.com
KB Law, LLC
4011 NE Hancock Street
Portland, Oregon 97212
P: (503) 206-8122

Joseph N. Casas (Lead Counsel)
        (pro hac vice application to be filed)
Email: joseph@talentrights.law
THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: (855) 267-4457

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IRINA VORONINA, BRENDA GEIGER, CIELO JEAN GIBSON, CORA SKINNER, DANIELLE RUIZ, DESSIE MITCHESON, EVA PEPAJ, GEMMA LEE FARRELL, JAIME EDMONDSON LONGORIA, JENNIFER WALCOTT ARCHULETA, JESSICA HINTON a/k/a JESSA HINTON, JOHN COULTER, KIMBERLY COZZENS a/k/a KIM COZZENS, LAURIE YOUNG a/k/a LAURIE ROMEO, MARKETA LIM a/k/a MARKETA KAZDOVA, MARIANA DAVALOS, MASHA LUND a/k/a MALU LUND, MAYSA QUY, PAOLA CAÑAS, SARAH STAGE, TIFFANY GRAY a/k/a TIFFANY TOTH, and RACHEL KOREN a/k/a RACHEL BERNSTEIN | CASE NO.: _____ |
|                Plaintiffs, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| WATERFRONT CROSSING, LLC d/b/a CLUB PRIVATA, | |
|                Defendant. | |

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 1

Plaintiffs Irina Voronina, Brenda Geiger, Cielo Jean Gibson, Cora Skinner, Danielle Ruiz, Dessie Mitcheson, Eva Pepaj, Gemma Lee Farrell, Jaime Edmondson Longoria, Jennifer Walcott Archuleta, Jessica Hinton a/k/a Jessa Hinton, John Coulter, Kimberly Cozzens a/k/a Kim Cozzens, Laurie Young a/k/a Laurie Romeo, Marketa Lim a/k/a Marketa Kazdova, Mariana Davalos, Masha Lund a/k/a Malu Lund, Maysa Quy, Paola Cañas, Sarah Stage, Tiffany Gray a/k/a Tiffany Toth, and Rachel Koren a/k/a Rachel Bernstein (collectively, "Plaintiffs"), file this Complaint against Waterfront Crossin, LLC d/b/a Club Privata ("Defendant") and respectfully allege as follows:

## BACKGROUND

1.      Defendant published various photographs containing Plaintiffs' image and likeness on their social media advertising for purposes of promoting their adult oriented establishment known as a swinger's club in Portland, Oregon. In doing so, Defendant mislead consumers and defamed Plaintiffs character and reputation by making it appear that Plaintiffs were so-called "swingers", worked at Defendant's Swingers Club, and/or endorsed the same. This is an action for damages relating to Defendant's false and misleading publications, and invasion of Plaintiffs' right of publicity and privacy.

2.      As detailed below, Defendant's unauthorized use of Plaintiffs' Images, photos and likenesses (collectively, "Images") constitutes violations of: (1) section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (False Advertising); (2)  section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (False Association); (3) Oregon's Unlawful Trade Practices law (O.R.S. § 646.605); (4) Oregon's Common Law Rights of Publicity & Privacy; (5) Defamation of Character; and (6) Negligence.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 2

## JURISDICTION & VENUE

3.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiffs have stated claims under, inter alia, the Lanham Act, 15 U.S.C. §1125(a)(1)(A). This Court also has subject matter jurisdiction because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

4.     This Court has jurisdiction over the state law claims asserted, pursuant to 28 U.S.C. § 1367.

5.     Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States.

6.     According to publicly available records, defendant Waterfront Crossing, LLC, operating under the laws of the State of Oregon, operates Club Privata, which is located 824 SW 1st Ave, Portland, Oregon 97204.

7.     Venue is proper in the United States District Court for the District of Oregon because Defendant's principal place of business is in Portland, Oregon.

8.     A significant portion of the alleged causes of action arose and accrued in Portland, Oregon and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Portland, Oregon.

## PARTIES

*Plaintiffs*

9.     Plaintiff Irina Voronina ("Voronina") is a well-known professional model, and a resident of Los Angeles County, California.

10.     Plaintiff Brenda Geiger ("Geiger") is a well-known professional model, and a resident of Onondaga County, New York.

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

11.    Plaintiff Cielo Jean Gibson ("Gibson") is a well-known professional model, and a resident of Los Angeles County, California.

12.    Plaintiff Cora Skinner ("Skinner") is a well-known professional model, and a resident of Travis County, Texas.

13.    Plaintiff Danielle Ruiz ("Ruiz") is a well-known professional model, and a resident of Los Angeles County, California.

14.    Plaintiff Dessie Mitcheson ("Mitcheson") is a well-known professional model, and a resident of Orange County, California.

15.    Plaintiff Eva Pepaj ("Pepaj") is a well-known professional model, and a resident of Los Angeles County, California.

16.    Plaintiff Gemma Lee Farrell ("Farrell") is a well-known professional model, and a resident of Los Angeles County, California.

17.    Plaintiff Jaime Edmondson Longoria ("Longoria") is a well-known professional model, and a resident of Maricopa County, Arizona.

18.    Plaintiff Jennifer Walcott Archuleta ("Archuleta") is a well-known professional model, and a resident of Maricopa County, Arizona.

19.    Plaintiff Jessica Hinton a/k/a Jessa Hinton ("Hinton") is a well-known professional model, and a resident of Los Angeles County, California.

20.    Plaintiff John Coulter ("Coulter") is a well-known professional model, and a resident of Los Angeles County, California.

21.    Plaintiff Kimberly Cozzens a/k/a Kim Cozzens ("Cozzens") is a well-known professional model, and a resident of Santa Clara County, California.

22.    Plaintiff Laurie Young a/k/a Laurie Romeo ("Romeo") is a well-known professional

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

model, and a resident of Orange County, California.

23.    Plaintiff Marketa Lim a/k/a Marketa Kazdova ("Kazdova") is a well-known professional model, and a resident of Los Angeles County, California.

24.    Plaintiff Mariana Davalos ("Davalos") is a well-known professional model, and a resident of Los Angeles County, California.

25.    Plaintiff Masha Lund a/k/a Malu Lund ("Lund") is a well-known professional model, and a resident of New York County, New York.

26.    Plaintiff Maysa Quy ("Quy") is a well-known professional model, and a resident of Clark County, Nevada.

27.    Plaintiff Paola Cañas ("Cañas") is a well-known professional model, and a resident of Miami-Dade County, Florida.

28.    Plaintiff Sarah Stage ("Stage") is a well-known professional model, and a resident of Los Angeles County, California.

29.    Plaintiff Tiffany Gray a/k/a Tiffany Toth ("Gray") is a well-known professional model, and a resident of Orange County, Florida.

30.    Plaintiff Rachel Koren a/k/a Rachel Bernstein ("Koren") is a well-known professional model, and a resident of Los Angeles County, California.

*Defendant*

31.    Defendant Waterfront Crossing, LLC, is a domestic limited liability company formed under the laws of the state of Oregon and registered to conduct business in Oregon. At all times relevant to this action, Waterfront Crossing, LLC, operated Club Privata in Portland, Oregon.

32.    Service of process may be perfected upon Defendant Waterfront Crossing, LLC, by serving the registered agent for service of process, Holly Redeau, who can also be served in his

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

or her capacity as an individual Defendant at 824 SW 1st Ave, Portland, Oregon 97204.

33.    Plaintiffs are informed and believe and, on such information and belief, allege that the employees and contractors of Defendant now and at all times mentioned herein were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of the Defendant.

34.    Plaintiffs are informed and believe and, on such information and belief, allege that each of Defendant's employees and/or contractors are now and at all times mentioned herein were the agent, servant of Defendant.  Thus, in doing the acts alleged herein, Defendant's employees were acting within the course and scope of said agency, service, and or employment as well as acting with the permission and consent of each of the Defendant and as such that Defendant has authorized and/or ratified the wrongful activities of each of its employees and/or contractors.

## FACTUAL ALLEGATIONS

35.    Each Plaintiff is a well-known professional model who earns their livelihood modeling and licensing their Images to companies, magazines and individuals for the purpose of advertising products and services.

36.    Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical to maximize their earning potential, book modeling contracts, and establish each of their individual brands. In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model.

37.    In early 2022, Plaintiffs, by and through their attorneys and at Plaintiffs' direction, began to conduct research in the Portland area to determine whether establishments such as Defendant were using their Images without their authorization or consent.  In June 2023, Plaintiffs

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 6

discovered and identified their Images in Defendant's social media accounts to promote and advertise their adult-oriented establishment. The Images which are the subject of this lawsuit are attached to this first amended complaint as Exhibits A-V.

38.     Each of the Plaintiffs' Images was misappropriated, and/or altered, by Defendant to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendant.

39.     In the case of each Plaintiff, this apparent claim was false.

40.     Moreover, this misappropriation occurred without any Plaintiff's knowledge, consent, or authorization.

41.     No Plaintiff has ever received any remuneration for Defendant's improper and illegal use of their Images, and Defendant's improper and illegal use of Plaintiffs' Images have caused each Plaintiff to suffer substantial monetary damages and harm to reputation.

42.     Further, in certain cases Defendant misappropriated Plaintiffs' advertising ideas (and/or the advertising ideas of their licensees) because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market to potential clients, grow their fan base, and build and maintain their brand. By using the Plaintiffs' image and likeness, Defendant did not use their own advertising idea, and instead used the Plaintiffs' (or their licensees') advertising ideas to promote their establishment to the public.

***Plaintiffs' Individual Backgrounds and Careers***

43.     Plaintiff **Irina Voronina** is an international model and actress. After becoming *Playboy's* Miss January 2001, she represented international brands including SKYY Vodka, Miller Lite, Michelob Ultra, Bacardi, and Sisley & Detour to name a few. She has millions of visual impressions around the globe via the covers and pages of worldwide magazines such as *FHM,*

*Maxim, Playboy* (in 20 countries), *Max*, *Ocean, Shape, 944, Knockout, Q*, *People*, *Kandy, Rukus, Vape* and *Browz* magazines. In 2008, Voronina was named St. Pauli Girl spokes model and completed a 12-month PR tour across America. She became the first ever St. Pauli Girl to ring the NYSE closing bell representing Constellation Brands.  In 2013, Voronina was named *Kandy Magazine'*s Model of the Year as a result of her fans downloading the highest number of digital issues that year. Voronina got her first big screen break in "Reno 911!: Miami.". Her credits include a series regular role in the fully improvised sitcom "Svetlana" for HD Net, the first ever live action show on Adult Swim Network "Saul of the Mole Men," guest star appearance on Nickelodeon's "iCarly," Comedy Central's "Reno 911!", and feature film parts in "Balls of Fury," &"Piranha 3DD," "Laser Team," and "Killing Hasselhoff." She starred in the indie action flick "Scramble" which she also co-produced. Voronina tours and performs nationally as a stand-up comedian. She loves connecting with her fans and stays active daily across all social media outlets for her followers on Facebook, Instagram, Twitter and YouTube. She has more than 5.9 million social media followers.[1]

44.    That we know of, Voronina is depicted in the photo in **Exhibit A** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Voronina was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

45.    Voronina has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no

---

[1]  In the modeling world and talent industry (in general), the number of online Instagram "followers", Twitter "followers", and or Facebook "likes" is a strong factor in determining a model's earning capacity.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 8

remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

46.    Plaintiff **Brenda Geiger** is a professional model and actress who performed with eight-time Grammy nominee rapper Lil Wayne in a music video for two-time Grammy nominee singer Keri Hilson. She is most known for her work in *Glamour Magazine* and her appearance on "The Howard Stern Show" in a "Miss HTV March" contest. Geiger has appeared in numerous magazines such as *Show, Maxim* and *Raw*, and has modeled for several product campaigns such as Primitive Clothing, where she currently has her own line of custom skateboard decks.

47.    That we know of, Geiger is depicted in the photo in **Exhibit B** to promote Club Privata on its Instagram and Facebook page. This Image was intentionally altered to make it appear that Geiger was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

48.    Geiger has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

49.    Plaintiff **Cielo Jean Gibson** is an American model who enjoys great success in her industry. Gibson was the *Import Tuner* magazine Model Search winner. Gibson is currently a model for the Falken Drift Team and can be seen at Formula Drift events. Gibson has also appeared in several magazines including *FHM*, *American Curves*, *Supreme*, *MuscleMag International*, *Muscle & Fitness,* and *Teeze,* Gibson has also modeled for the world's largest PWC Engine Re manufacturer, Short Block Technologies, better known as SBT, Inc. in Clearwater, Florida. Gibson appeared in a home workout video called ENVY as a character named Eliana, which stands for

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 9

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

the "E" in ENVY. Gibson continues to promote and market a number of different companies' sport and fitness equipment and is in the process of developing her own line of supplements and fitness clothing.

50.     That we know of, Gibson is depicted in the photos in **Exhibit C** to promote Club Privata on its Instagram and Facebook page. These Images were intentionally altered to make it appear that Gibson was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

51.     Gibson has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Images, and has suffered, and will continue to suffer, damages as a result of same.

52.     Plaintiff **Cora Skinner** is a model and actress. Her television show appearances include, The Tonight Show with Jay Leno, Rules of Engagement, QVC, Shark, Las Vegas "White Christmas", and CSI Miami.  She has modeled for name brands such as, Sketchers, Nordstrom, Fredricks of Hollywood, Tecate, Skky Vodka, and Muscle & Fitness to name a few.  She has even appeared on music videos such as Def Leppard's "Nine Lives". She has 77.9 thousand Instagram followers.

53.     That we know of, Skinner is depicted in the photo in **Exhibit D** to promote Club Privata on its Instagram and Facebook page. This Image was intentionally altered to make it appear that Skinner was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

54.     Skinner has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 10

remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

55.     Plaintiff **Danielle Ruiz** is a veteran of the entertainment industry and an extremely accomplished, established, and highly sought model, host, and actor. She shot to fame by winning Miss Hawaiian Tropic Brazil and competing worldwide. As a model, she has worked for Foreplay Lingerie, Elegant Moments, Escante Lingerie, Hustler Apparel, Body Zone Apparel, and Ziggy NY Shoes. She was also a contract model for Fredericks of Hollywood and L*Space, also for Rockstar Energy's Miss Motorcross and Monster Energy Dime Squad Girl. She has appeared in many magazines and graced the covers of *Maxim* and *Elegant*. Her career on TV is just as impressive with appearances on *The New Girl*, *The Finder, Breaking In*, *Cougar Town, CSI Entourage, The Jonas Brothers, Miami Trauma, Dark Blue, Love Bites, Friends with Benefits, Battle LA, The Ex's* and hosting the series *WPT Royal Flush*. She has over 201 thousand followers on Instagram and over 15.5 thousand followers on Twitter.

56.     That we know of, Ruiz is depicted in the photo in **Exhibit E** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Ruiz was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

57.     Ruiz has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

58.     Plaintiff **Dessie Mitcheson** has competed for Miss Pennsylvania USA at eighteen and placed in the top ten. Shortly after, she became the face of Playboy Intimates, the face of MGM

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Grand Las Vegas, and Miss Pennsylvania Intercontinental. Mitcheson entered *Maxim* magazine's annual "Hometown Hottie" contest along with thousands of models, she was crowned *Maxim* magazine's "Hometown Hottie". Later that year, Mitcheson was #100 on *Maxim's* "Hot 100" list. She has graced the pages of multiple issues of *Maxim*, including a three-page spread, two centerfolds, and the cover for the May 2014 "Navy" issue. Mitcheson was recently featured as the main Tecate Beer ring girl in the biggest Pay-per-View event in history, the Mayweather v. Pacquiao fight, which gave her worldwide visibility with over 100 million viewers. This triggered a huge demand for her modeling services. She has been featured by national advertisers such as Crest toothpaste, Tecate, Roma Costumes, and J. Valentine. Mitcheson currently has 382 thousand Instagram followers, over 22 thousand Facebook followers, and 11.8 thousand Twitter followers.

59.    That we know of, Mitcheson is depicted in the photo in **Exhibit F** to promote Club Privata on its Instagram and Facebook page. These Images were intentionally altered to make it appear that Mitcheson was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

60.    Mitcheson has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

61.    Plaintiff **Eva Pepaj** is a professional model and actress who moved to Hollywood to pursue her career in 2004.  Her work includes high fashion runway modeling, print features, and film roles. Pepaj has appeared in films such as The Hand Off, Interior, Leather Bar and The Romp, and was a feature model in a national Diet Coke TV commercial campaign.

62.    That we know of, Pepaj is depicted in the photo in **Exhibit G** to promote Club

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Privata on its Instagram and Facebook page. These Images were intentionally altered to make it appear that Pepaj was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

63.     Pepaj has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

64.     Plaintiff **Gemma Lee Farrell** is a *Playboy* Playmate who has been named *Playboy* Playmate of the Month and a social media influencer. Farrell is also a New Zealand reality TV star. She has signed with Wilhelmina model agency, Healthy Brand lifestyle ambassador for Protein World, and Skinny Bunny Teas. She has 977K followers on Instagram, and 1.1 million followers on Facebook.

65.     That we know of, Farrell is depicted in the photo in **Exhibit H** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Farrell was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

66.     Farrell has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

67.     Plaintiff **Jaime Edmondson Longoria** comes from a family of police officers. She graduated from Florida Atlantic University with a degree in Criminal Justice in 2002. She worked the night shift as a police officer in Boca Raton, Florida for two years until quitting to become a

cheerleader for the Miami Dolphins. Longoria and fellow Miami Dolphins cheerleader Cara Rosenthal were participants in the competitive reality TV series "The Amazing Race 14." Longoria was Playmate of the Month in the January 2010 issue of *Playboy*. She has been a sports blogger for Playboy online and co-host of Sirius Fantasy Sports Radio. She appeared on "The Bunny House" documentary, in the Trace Adkins video for "This Aint No Love Song," and numerous other television, print, radio, and online outlets. Longoria and her husband, MLB Superstar Evan Longoria have 3 children.

68.    That we know of, Longoria is depicted in the photo in **Exhibit I** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Longoria was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

69.    Longoria has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

70.    Plaintiff **Jennifer Walcott Archuleta** is a model, actress, and reality TV star. She became the *Playboy* "Playmate of the Month" in August 2001 and subsequently launched her own website and was chosen by Carmen Electra to model for her celebrity guest photographer photo shoot on www.playboy.com. She also appeared in several music videos, including videos for Justin Timberlake, Stereophonics, and Marc Anthony. During her first pregnancy, Archuleta appeared on the cover of *Holistic Health Magazine* and then posed for the covers of magazines, such as *Moves, American Curves, Muscle & Fitness, Hers, Physical, Iron Man, VP Racing Fuel, Performance Audio and Sound, AtoZ, Planet Muscle, 944, Stun,* and *People* (Australia). In 2005,

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 14

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Archuleta along with Scarlett Keegan and Destiny Davis, were given keys to Las Vegas by the mayor in appreciation for posing for a calendar promoting the city. Later that year, Archuleta appeared in the movie American Pie: Band Camp. In 2008, she also acted in the movie *The Pool Boys* and was featured on many television shows such as *The Weakest Link, Street Smarts, Dog Eat Dog, Wild On!, Russian Roulette, Howard Stern, MTV Cribs, Entertainment Tonight, Best Damn Sports Show Period, Ripley's Believe It or Not, The Other Half,* and was featured on *E! True Hollywood Story* and *Mom Time TV*. Currently, Archuleta is the spokesperson for Ciclon rum and Bally's slot machine. She is also now living in Arizona and is raising her three children with her husband and former NFL safety, Adam Archuleta. She enjoys over 28 thousand Facebook followers, 146 thousand Twitter followers, and over 47.6 thousand Instagram followers.

71.     That we know of, Archuleta is depicted in the photo in **Exhibit J** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Archuleta was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

72.     Archuleta has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

73.     Plaintiff **Jessica Hinton a/k/a Jessa Hinton** was discovered by a talent manager at a wedding at age 14. By age 16 she locked in three national TV commercials and made guest appearances on *Baywatch* and *7th Heaven*. Hinton expanded her portfolio to include runway modeling and print campaigns at 18. In 2010, Hinton was the face of the *Palms Hotel & Casino's* ad campaign. She then pursued TV personality roles hosting for *Victory Poker,* and *Top Rank*

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

*Boxing* interviewing the likes of Manny Pacquiao and Shane Mosley. In 2011, she was selected as *July's Playmate of the Month* becoming one of the most popular Playmates of that year. She was the center piece of an ad campaign for *Milwaukee's Best Beer* in conjunction with *Playboy Enterprises*. Hinton also attained spokesmodel roles for *Affliction Clothing*, *Enzo*, *Milano Hair Products*, *REVIV Wellness Spa*, and *Protein World*. She has ongoing modeling contracts with *Rhonda Shear Shapewear*, *Leg Avenue,* and *Roma Costume*, in addition to hosting a Los Angeles, CA television station *KTLA*. Her images have appeared on billboards, magazines, posters, and multiple forms of electronic media. Hinton has been a featured front cover model gaining attraction for magazines such as *FHM*, *Kandy*, *MMA Sports*, *Guitar World*, and *Muscle & Fitness*. She was named Creative Director for *MAJR Media* and was given part ownership for her role with the company. Hinton has successfully accomplished elite status as a social media celebrity with a combined total of over 4.2 million followers on Facebook, Instagram and Twitter.

74.     That we know of, Hinton is depicted in the photo in **Exhibit K** to promote Club Privata on its Instagram and Facebook page. These Images were intentionally altered to make it appear that Hinton was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

75.     Hinton has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

76.     Plaintiff **John Coulter** spent two years studying illustration on a full art scholarship at the University of Arizona before continuing his studies at the prestigious Art Center College of Design in Pasadena. Coulter also pursued performing arts, which led him to "The Happiest Place

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

on Earth". At Disneyland, he worked both as an artist in the entertainment art department and moonlighted as Prince Charming in the Main Street Electrical Parade before going on to play other Disney characters. One of the highlights was playing Tarzan in the opening cast of Tarzan Rocks. His princely charm also took him to Tokyo Disneyland, where he continued to perform several roles. Coulter's modeling career has lasted over 20 years leading him to New York and Europe where he worked with renowned photographers Ellen Von Unwerth and David Lachapelle. He shot a Jeans Campaign with Cindy Crawford and a MAC Cosmetics campaign with Mary J. Blige and Lil' Kim. He has walked the runways with Naomi Campbell, Kate Moss, Marcus Schenkenberg and Tyson Beckford and has appeared in television commercials with Paris Hilton, Heidi Klum, Kristen Chenoweth, and Karolina Kurkova. Coulter has been on Tyra Bank's America's Next Top Model, in a Madonna video directed by Guy Ritchie, and can be seen on the Britney Spears' Blackout Album as the controversial priest. He is most recognizable with his clothes off, gracing the packaging and ads for Joe Boxer, Fruit of the Loom, Murano, Undergear and International Male. His fine arts background has manifested itself in many areas such as costuming, photo and fashion styling, as well as hair and makeup.

77.     That we know of, Coulter is depicted in the photo in **Exhibit L** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Coulter was either an employee working at Club Privata, that he endorsed Club Privata, or that he was otherwise associated or affiliated with Club Privata.

78.     Coulter has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of his Image, and has suffered, and will continue to suffer, damages as a result of same.

79.     Plaintiff **Kimberly Cozzens a/k/a Kim Cozzens** is a model and actress who has appeared on an Old Spice national commercial, as well as a New Amsterdam Vodka national commercial. She has modeled for campaigns with Guess, Old Spice, Grey Goose, Sephora Cosmetics, Con Air Hair Tools, Sketcher Shoes, and many more. She has also modeled for Maxim magazine, Sandals Resort, Dodge, and Pepsi to name a few. Cozzens in total, has signed with 12 top agencies internationally, two of them being LA Models and LATALENT

80.     That we know of, Cozzens is depicted in the photo in **Exhibit M** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Cozzens was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

81.     Cozzens has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

82.     Plaintiff **Laurie Young a/k/a Laurie Romeo** may not be "the girl next door" but she is certainly the all California, bikini wearing, sun worshipping, beach girl. Romeo has been a cheerleader since the age of seven and continued through High School to competition and coaching juniors. Romeo's modeling and acting career has been achieved by natural growth and development from being offered continual work while being on the beach or cheerleading. Romeo has contract work with Shirley's of Hollywood, is an ambassador and cheerleader for the NHRA drag racing series, shot the cover and is the 2015 *Kandy Magazine* model of the year and has done several TV commercials. Her most famous one being the late-night spokeswoman for Adam and Eve products that has become a bit of a cult favorite.

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

83.     That we know of, Romeo is depicted in the photo in **Exhibit N** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Romeo was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

84.     Romeo has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

85.     Plaintiff **Marketa Lim a/k/a Marketa Kazdova** was first discovered in a family vacation and was offered her first contract at the age of fourteen. When she turned fifteen, her agents from Czech Republic started sending her all over Asia and Europe to work as a model. She has worked in places such as Hong Kong, Tokyo, Beijing, Shanghai, Ghuanghzou. As well as throughout Europe, such as Milan, London, Paris, Portugal, Germany, Austria, and Dubai. She has appeared in *Elle, Style, Cosmo Girl, Dolce Vita, Nylon, Prestige Paris, Fiasco, Composure, Formen, Modern Salon, Viva Glam* and other magazines. Since 2011, she has been working in New York/ L.A. and has worked with Nordstrom, Macy's, Tadashi Shoji, Anthony Franco, Alicia Estrada, Mirabella Beauty, MAC, Level 99, Dreamgirl Lingerie, Erka Mare Swimwear, HausofPinkLemonaid Swimwear, Hautelook, Patagonia, and many others.

86.     That we know of, Kazdova is depicted in the photo in **Exhibit O** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Kazdova was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

87.     Kazdova has never been employed at Club Privata, has never been hired to endorse

Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

88.     Plaintiff **Mariana Davalos** established a modeling career in Colombia as one of the most famous and successful models in all of Latin America by the age of 18. Davalos was the face of Nacar cosmetics and has appeared in *Maxim* magazine*, Imagen* magazine, Besame, SOHO TV, Rumbas de la Ciudad, La Granja Tolima, Kiss Catalogue, Deluxe Jeans, Revista Soho, SCRIBE, Coed People, La Gemela mas Dulce, Para Hombre, Spiritual Jeans and Satori. Davalos is constantly listed in "The top sexiest people in the world" lists and whether solo or teamed up with her twin sister is constantly in demand. Davalos' worldwide identity has continued to grow, and her earning capabilities have increased dramatically with her more than 518,800 Instagram, Twitter, and Facebook followers.

89.     That we know of, Davalos is depicted in the photo in **Exhibit P** to promote Club Privata on its Facebook and Instagram page. This Image was intentionally altered to make it appear that Davalos was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

90.     Davalos has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

91.     Plaintiff **Masha Lund a/k/a Malu Lund** is a famous Danish/Russian model, actress, and designer. Lund started modeling when she was a baby in TV commercials for baby food. After finishing business college, she was sponsored in the United States to model. She

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 20

modeled in major ads for Rockstar Energy Drinks billboards that were displayed in 20 cities throughout the U.S. Lund has graced the covers of *FHM, Maxim, Ralph*, and *People Magazine* and been published in *GQ, Mens Health, Esquire, Sports Illustrated* and celebrity spread for *Playboy* magazine and was named one of the "Sexiest Women in the World" by FHM. She has had roles in The Pick of Destiny with Jack Black and Tenacious D, and Epic Movie with Carmen Electra. Lund was featured in music videos for Eminem, Lady Gaga, and many other big names. She also was a spokesmodel for several brands including Dreamgirl Lingerie clothing company for eight years, and was featured on more billboards for 138 Water Company on Sunset Drive in Los Angeles and for Nialaya on Robertson Blvd. in LA. In 2010, she starred in a popular Danish reality TV show about career women from Denmark "living the dream" in Los Angeles, called Danske Hollywood Fruer. Lund has studied fashion, art and interior design as well as working on her own pet clothing line HollywoodPetCouture. Lund is also an interior decorator, blogger, and endorser for several beauty companies.

92.    That we know of, Lund is depicted in the photo in **Exhibit Q** to promote Club Privata on its Instagram and Facebook page. This Image was intentionally altered to make it appear that Lund was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

93.    Lund has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

94.    Plaintiff **Maysa Quy** is a beauty, fitness, commercial, and swimwear model. She has worked for brands such as Sketchers Shoes, Benefit Cosmetics, CoverFX Cosmetics,

Dreamgirl International Lingerie, Mini Cooper USA, T-Mobile, Apple, Nike, Microsoft, and David's Bridal. Quy was also employed at Nordstrom/Bobbi Brown Cosmetics in Valleyfair, CA as a makeup artist and at Equinox in Palo Alto, CA as a personal trainer. After 2017, Quy took her passion and positive motivation from industry influencers to music production school, where she quickly release her first track within months and is now a music producer.

95.    That we know of, Quy is depicted in the photo in **Exhibit R** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Quy was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

96.    Quy has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

97.    Plaintiff **Paola Cañas** is a Colombian born model now residing and working in the United States. Cañas has been in the industry for over twelve years and has found great success as a model, host, runway model, and actor. Cañas has worked runway shows in her native Colombia, as well as Mexico, Ecuador, United States, and most recently in Paris, France. She is most notable for appearing on the cover of *Playboy Mexico* in May 2018. She heads up the international campaign and was a contracted model for Curve and their worldwide lingerie line. In Dubai, United Arab Emirates, Cañas was chosen as the face of the Masters Golf Tournament, and was the image for the "International Surf and Sport Expo" in Orlando, FL. She has worked for international brands and labels such as SOHO, KISS underwear, Salon International, Zona Rosa, and Esteban Escobar. She has appeared in numerous TV shows like "FOX Sports" and on TV networks such

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 22

as Telemundo and TV Azteca. Cañas continues to build an impressive profile and is constantly in demand between Miami, FL, New York, NY, and Los Angeles, CA. Cañas has over 1 million Instagram followers.

98.     That we know of, Cañas is depicted in the photo in **Exhibit S** to promote Club Privata on its Facebook page. This Image was intentionally altered to make it appear that Cañas was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

99.     Cañas has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

100.    Plaintiff **Sarah Stage** has worked for brands such as Fredericks of Hollywood, Jafra Cosmetics, Buffalo Jeans, Sky Clothing, and Beach Bunny Swimwear. She has also done commercials for Kia, Budweiser, Samsung, and has appeared in magazines such as *Maxim*, *Shape*, and *Allure*. Stage is a social media influencer with over 2 million followers on Instagram, over 18.1 thousand followers on Twitter, and over 755 thousand followers on Facebook.

101.    That we know of, Stage is depicted in the photo in **Exhibit T** to promote Club Privata on its Instagram and Facebook page. This Image was intentionally altered to make it appear that Stage was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

102.    Stage has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

to suffer, damages as a result of same.

103.    Plaintiff **Tiffany Gray a/k/a Tiffany Toth** is an extremely successful model that takes great pride in holding the prestigious title of a *Playboy* Playmate. Gray was the *Playboy* "Cyber Girl of the Month" for May 2006. She then went on to pose for three pictorials under *Playboy's* Fresh Faces. Moreover, she has not only been featured in such magazines as *Super Street Bike*, *Import Tuner, Sport Truck, Iron Man, Muscle & Fitness, Guitar World, Ripped, Seventeen*, *Pump,* and *Maxim*, but has also posed for various catalogs. Gray has even appeared on television shows such as Tosh.O and The Daily Habit. She has booked jobs shooting for lingerie companies such as Shirley of Hollywood, Seven Til Midnight, Elegant Moments and Jvalentine. She is also a real estate agent in southern California and part owner of Sugar Taco, a plant-based restaurant located in Los Angeles. Gray currently has over 3.8 million Facebook followers, 1.3 million Instagram followers, and over 367.8 thousand Twitter followers.

104.    That we know of, Gray is depicted in the photo in **Exhibit U** to promote Club Privata on its Instagram and Facebook page. These Images were intentionally altered to make it appear that Gray was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

105.    Gray has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

106.    Plaintiff **Rachel Koren a/k/a Rachel Bernstein** is an international model who has walked runways for fashion shows in Miami's Mercedes Benz Fashion Week, filmed for the Travel TV show "Bikini Destinations" all over the world, shot for major campaigns in Los Angeles, CA,

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 24

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

and is the face of many brands. Koren appeared in a campaign for MIDORI with Kim Kardashian and in the movie "Date Night" with Steve Carell and Tina Fey. She also played the character of "Sue Emory" in an episode of "The Closer" where she can be seen doing her own stunts. She has been published in major campaigns and worked for companies such as Nike, Reebok, Affliction Clothing, Volcom, Body Glove, Sinful, American Customs, Alo, *Modern Salon Magazine*, No Fear, Axe Body Spray, Paul Mitchell, *Vibra Magazine*, *Launch Pad Magazine*, *Cut & Dry Magazine*, *Hairdo Magazine*, Sunset Tan, Divine Boutique, *Esquire Magazine*, *Vogue Magazine*, True Religion, Jessica Simpson Swimwear, Ed Hardy, Christian Audigier, Smet, *Rebel X Magazine*, SNI Swimwear, Tommy Bahama, Roma, J Valentine, Sunsets Inc, B Swim, Love Culture, *Maxim*, *Viva Glam Magazine*, Fantasy Lingerie, Elegant Moments, So Cal Swimwear, No Fear, *Swim Magazine*, American Honey, and Have Faith Swimwear. She currently owns her own company, Cashmere Hair Extensions, which appeared on the show "Shark Tank" in 2013.

107.    That we know of, Koren is depicted in the photo in **Exhibit V** to promote Club Privata on its Instagram and Facebook page. These Images were intentionally altered to make it appear that Koren was either an employee working at Club Privata, that she endorsed Club Privata, or that she was otherwise associated or affiliated with Club Privata.

108.    Koren has never been employed at Club Privata, has never been hired to endorse Club Privata, has never been otherwise associated or affiliated with Club Privata, has received no remuneration for Defendant's unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendant's Business Activities and Misappropriation***

109.    Defendant operates Club Privata, where they are engaged in the business of providing an establishment where adults can "swap" partners for purposes of engaging in sexual

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 25

activities, selling food and alcohol, and providing playrooms for sexual activities to entertain the business' clientele. Defendant has the ability to control its own use of their website and social media accounts to advertise and promote Club Privata. Defendant is ultimately responsible for the advertising content posted by or on behalf of the club through its officers, managers, employees, agents, or independent contractors.

110.   In furtherance of their promotion of Club Privata, Defendant operates a website (https://www.clubprivata.com) and owns, operates, and controls social media accounts, including its Facebook, Twitter, TikTok, and Instagram accounts.

111.   Defendant used Club Privata's website, Facebook and Instagram accounts to promote Club Privata, and to attract patrons.

112.   Defendant did this for its own commercial and financial benefit.

113.   Defendant has used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, to create the false impression with potential clientele that each Plaintiff either worked at Club Privata, endorsed Club Privata, or was otherwise associated or affiliated with Club Privata.

114.   Defendant used Plaintiffs' Images and created the false impression with the public that Plaintiffs worked at or endorsed Club Privata to receive certain benefits from that false impression, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; and an increase in business revenue, profits, proceeds, and income.

115.   Defendant was well aware that none of the Plaintiffs have ever been affiliated with or employed by Club Privata, and at no point have any of the Plaintiffs ever endorsed Club Privata, or otherwise been affiliated or associated with Club Privata.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 26

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

116.    All of Defendant's activities, including their misappropriation and/or republication of Plaintiffs' Images, were done without the knowledge or consent of Plaintiffs.

117.    Defendant has never compensated Plaintiffs for the unauthorized use of Plaintiffs' Images.

118.    Plaintiffs have never received any benefit from Defendant's unauthorized use of their Images.

### Standard Business Practices in the Modeling Industry

119.    It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

120.    The fee that a professional model, like each Plaintiff, will receive is negotiated by their agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) where and how long the photo shoot takes place; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards, or posters), known in the modeling industry as "usage"; and, d) the length of time the rights to use the photos will be assigned, known in the modeling industry at the "term."

121.    Most licenses to use a model's image are for one, two, or three year terms; but almost never is there a "lifetime" term.

### Defendant's Misappropriation of Plaintiffs' Images

122.    By using Plaintiffs' Images, Defendant, *inter alia*, violated Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at or endorsed Club Privata.

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 27

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

123.    Defendant used each Plaintiffs' image to derive commercial benefit from some of the same qualities of Plaintiffs, including each Plaintiff's physical look, attractiveness, distinctive appearance, and advertising idea of using same to bring attention to a third-party product or service, that Plaintiffs trade on to earn income for themselves.

124.    Unauthorized use of Plaintiffs' Images deprives them of income they are owed relating to the commercialization of their Images.

125.    In addition, Plaintiffs allege that any improper unauthorized use of their Images at issue in this case has injured their respective careers, character and reputations, because of the negative connotations of false impression of association with Club Privata.

126.    At no point was any Plaintiff ever contacted by any Defendant, or any representative of any Defendant, to request the use of any of Plaintiffs' Images.

127.    No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs' Images.

128.    No Defendant ever paid any Plaintiff for its use of her Images on any promotional materials, including Club Privata website, Facebook, Twitter or Instagram accounts.

129.    Defendant used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive each of the Plaintiffs of her right to use her Images.

130.    Defendant's use of Plaintiffs' Images in some cases was also in violation of copyrights and/or licenses held by others, who had lawful relationships with Plaintiffs based on the standard business practices in the modeling industry.

131.    Defendant's breaches of copyrights and/or licenses held by others likewise had the purpose and effect of injuring Plaintiffs in the ways complained of herein, as Plaintiffs were foreseeable victims of harm from Defendant's breaches.

**FIRST CAUSE OF ACTION**
**(Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B): False Advertising)**

132.    Plaintiffs hereby re-allege paragraphs 1 through 131 above and incorporate the same by reference as though fully set forth herein.

133.    The advertisements at issue in this action were false and misleading under 15 U.S.C. § 1125(a)(1)(B) because no Plaintiff ever worked at or was in any way associated or affiliated with the Swingers Club, nor had they agreed to appear in Club Privata's advertisements.

134.    Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

135.    Each Plaintiff has appeared in numerous authorized advertising campaigns, publications, shows, productions, or paid appearances, and several Plaintiffs have substantial social media followings.

136.    Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

137.    Each Plaintiff possesses a valid and protectable interest in their persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1).

138.    Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their image.

139.    Prior to authorizing the use of their image, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

140.    Plaintiffs did not authorize Defendant's use of any Plaintiff's image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image.

141.    Given the false and misleading nature of the advertisements, Defendant had the

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

capacity to and did deceive consumers.

142.    Upon information and belief, the deceptive advertisements had a material effect on the purchasing decisions of consumers who attended Club Privata.

143.    Defendant's publication of these false and misleading advertisements on the internet had the capacity to and did affect interstate commerce.

144.    Even though Defendant was at all times aware that the Plaintiffs neither worked at nor endorsed Club Privata, Defendant nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiff's employment at or affiliation with Club Privata.

145.    Defendant knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Club Privata.

146.    Defendant's use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Club Privata, and the goods and services provided by Club Privata.

147.    Defendant's unauthorized use of Plaintiffs' Images created a false advertisement prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## SECOND CAUSE OF ACTION
**(Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A): False Association)**

148.    Plaintiffs hereby re-allege paragraphs 1 through 147 above and incorporate the same by reference as though fully set forth herein.

149.    Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

150.    Each Plaintiff has appeared in numerous authorized advertising campaigns,

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 30

publications, shows, productions, or paid appearances, and several Plaintiffs have substantial social media followings.

151.    Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

152.    Each Plaintiff possesses a valid and protectable interest in their persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1)(A).

153.    Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their image.

154.    Prior to authorizing the use of their image, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

155.    Plaintiffs did not authorize Defendant's use of any Plaintiff's image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image.

156.    Defendant's use of Plaintiffs Images created the false impression with the public that Plaintiffs were affiliated, connected, or associated with Club Privata, or worked at, sponsored, or approved of Club Privata's goods, services, or commercial activities.

157.    This was done to promote and attract clientele to Club Privata, and thereby generate revenue for the Defendant, and for Defendant's commercial benefit.

158.    Even though Defendant was at all times aware that the Plaintiffs were neither affiliated, connected or associated with Club Privata, nor worked at, sponsored, or approved of Club Privata's goods, services or commercial activities, Defendant nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiffs' employment at or affiliation with Club Privata.

159.    Defendant knew that their use of Plaintiffs' Images would cause consumer

confusion as to Plaintiffs' sponsorship, affiliation, connection, association, or employment at Club Privata.

160.    Defendant's use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' employment at or endorsement of Club Privata and the goods and services provided by Club Privata.

161.    Defendant's unauthorized use of Plaintiffs' Images created a false endorsement prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## THIRD CAUSE OF ACTION
### (Violation of Oregon's Unlawful Trade Practices Act, O.R.S. § 646.638)

162.    Plaintiffs hereby re-allege paragraphs 1 through 161 above and incorporate the same by reference as though fully set forth herein.

163.    Defendant operated Club Privata's website and social media accounts in order to promote Club Privata, to attract clientele thereto, and to thereby generate revenue for Defendant.

164.    As such, Defendant's operation of the website and social media accounts, and their publication of Images thereon, were in commerce, in that they involved a business activity and the day-to-day activities and affairs of Defendant in Oregon.

165.    Defendant published Plaintiffs' Images on Club Privata's website and social media accounts to create the false impression that Plaintiffs were either employees working at Club Privata, endorsed Club Privata, or were otherwise affiliated, associated, or connected with Club Privata.

166.    In doing so, Defendant's engaged in an unlawful practice if in the course of the their business, vocation or occupation by, *inter alia*, (a) passing off Plaintiffs' good or services as

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 32

their own, (b) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants goods or services (c) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the goods or services do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have; and (d) representing that goods or services are of a particular standard, quality, or grade, or that goods or services are of a particular style or model, if the goods or services are of another.

167.   As such, by publishing Plaintiffs' Images, Defendant mislead the public as to Plaintiffs' employment at and/or affiliation with Club Privata and/or Defendant's nature of services offered at their establishment, i.e. making the public at large believe that Plaintiffs would be present at Defendant's establishment and or participate in Defendant's adult-oriented activities, including, but not limited to: partner swapping and associated sexual activities, including intercourse with other members of the Club Privata.

168.   Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public were unfair, in that they were immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers in Oregon.

169.   Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public were deceptive, in that they possessed the tendency or capacity to mislead, or created the likelihood of deception, affecting members of the public in Oregon and thereby causing injury to Plaintiffs.

170.   Upon information and belief, members of the public relied upon and were in fact deceived by Defendant's false advertising, misrepresentations, and breaches of their duties to Plaintiffs and the public.

171.    Defendant thus engaged in unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce in the state of Oregon and caused injury to the Plaintiffs as complained of herein.

172.    Defendant's advertising practices offend the public policy of Oregon insofar as they constitute misappropriation of Plaintiffs' property rights in their own Images, breaches of copyrights and/or licenses held by others, and invasion of Plaintiffs' privacy, for Defendant's commercial benefit.

173.    Defendant's advertising practices are immoral, unethical, oppressive and unscrupulous insofar as they have sought to confuse the public for their own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with and/or are employees at Club Privata.

174.    Defendant's advertising practices cause substantial injury to consumers and the Plaintiffs by creating the false impression that Plaintiffs are employees at, endorse, or are otherwise affiliated with Club Privata.

175.    There are no benefits to Defendant's advertising practices as set forth hereon except a benefit to Defendant's own commercial interests.

176.    As a result of Defendant's unauthorized and misleading publication of Plaintiffs' Images on its website and social media accounts, each of the Plaintiffs' reputations was injured, and each of the Plaintiffs' ability to market herself as a model was injured.

177.    As a result of Defendant's unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

<u>FOURTH CAUSE OF ACTION</u>
**(Violation of Right of Publicity & Privacy - Misappropriation of Image and Likeness)**

178.    Plaintiffs hereby re-allege paragraphs 1 through 177 above and incorporate the same by reference as though fully set forth herein.

179.    Defendant has appropriated each Plaintiffs' image and likeness for Defendant's commercial purposes without authority or consent from each of Plaintiffs.

180.    Each Plaintiff is a well-known professional model and/or social media influencer who earns her livelihood modeling and licensing her Images to companies, magazines and individuals for the purpose of advertising products and services.

181.    Defendant misappropriated Plaintiffs' likenesses by publishing their Images on Club Privata's website or related social media accounts as part of Defendant's advertising campaign.

182.    Each of the Plaintiffs' Images was misappropriated, and/or altered by Defendant to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendant.

183.    Club Privata's website and social media accounts were designed to advertise and attract business to Club Privata and generate revenue for Defendant.

184.    Plaintiffs are informed and believe and hereon allege that the manner in which Defendant posted and publicized their Image and likeness in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Defendant published their image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

185.    Plaintiffs are further informed and believe and hereon allege that Defendant's

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 35

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

republished Plaintiff's Image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint and further allege that Defendant's republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

186.    Upon information and belief, Defendant's use of Plaintiffs' Images did in fact attract clientele and generate business for Club Privata.

187.    At no point did Defendant ever seek or receive permission or consent to use any Plaintiff's Image for any purpose.

188.    Defendant was at all relevant times aware that it had never received any Plaintiffs' permission or consent to use their Images in any medium for any purpose.

189.    At no point did Defendant ever compensate Plaintiffs for its unauthorized use of their Images.

190.    Defendant's misappropriation of Plaintiffs' Images was a proximate cause of the harm done to Plaintiffs from Defendant's unauthorized use of their Images.

191.    Plaintiffs have been damaged in amounts to be proved at trial.

### FIFTH CAUSE OF ACTION
**(Defamation of Character)**

192.    Plaintiffs hereby re-allege paragraphs 1 through 191 above and incorporate the same by reference as though fully set forth herein.

193.    As detailed throughout this Complaint, Defendant has published photographs containing the image and likeness of Plaintiffs in order to promote Club Privata to the general public and potential clientele.

194.    Defendant's publication of the Images was in a manner that made it appear as if

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 36

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

though Plaintiffs were either employed by Club Privata, endorsed Club Privata, or participated in the adult-oriented, sexual activities that take place at the Club Privata. In doing so, Defendant subjected Plaintiffs to contempt or ridicule and/or diminished the esteem, respect, goodwill or confidence in which Plaintiffs are held or excited adverse, derogatory or unpleasant feelings or opinions against Plaintiffs.

195. In publishing Plaintiffs' altered Images, Defendant created false impression to the general public that Plaintiffs were employees working at Club Privata, endorsed Club Privata, and or participated in the sexual activities and lifestyle that Club Privata condones, promotes, and allows to happen at their establishment. None of these representations were true and Defendant's use of Plaintiffs' Images are defamatory because they falsely ascribe to another conduct, characteristics or a condition incompatible with the proper conduct of their lawful business, trade, or profession.

196. Plaintiffs allege that Defendant published the Images of Plaintiffs with actual malice, and their acts were gross and wanton, evidencing a reckless disregard for the rights of Plaintiffs, because the Defendant knew that Plaintiffs were not employed by Club Privata, had no affiliation with Club Privata, and/or had not consented to the use of their Images, and had not been compensated for the use of the same.

197. Despite Defendant's knowledge and reckless disregard of the true facts, they nevertheless made the decision to publish Plaintiffs' Images to attract clientele and generate revenue for themselves.

198. Defendant's publication of Plaintiffs' Images constitutes defamation per se under Oregon law because said publication falsely accuses Plaintiff of having acted in a manner – *i.e.*, working as an employee and/or participating in the sexual activities that take place at the Club

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 37

THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

Privata - which would subject each Plaintiff to hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society.

199.    Defendant's publication of Plaintiffs' Images likewise constitutes defamation *per se* under Oregon law because said publication would tend to impeach and injure each Plaintiff in her trade, business, and profession as a professional model.

200.    Defendant's publication of Plaintiffs' Images likewise constitutes defamation *per se* under Oregon law because, insofar as said publication falsely portrays each of the Plaintiffs as an employee, it imputes unchastity to them.

201.    Defendant's publication of Plaintiffs' Images caused Plaintiffs to suffer damages in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

### SIXTH CAUSE OF ACTION
**(Negligence, Gross Negligence, and *Respondeat Superior*)**

202.    Plaintiffs hereby re-allege paragraphs 1 through 201 above and incorporate the same by reference as though fully set forth herein.

203.    Plaintiffs are further informed and believe and hereon allege that Defendant maintains or should have maintained employee policies and procedures which govern the use of intellectual property, copyrights, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual* use of intellectual property, copyrights, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

204.    Further, Defendant should have maintained, or failed to maintain, policies and

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 38

procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

205.    Defendant owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

206.    Defendant further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

207.    Defendant breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, copyrights, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not unauthorized, non-consensual, or false and deceptive.

208.    Defendant further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with federal and Oregon law, were not violated.  Defendant breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

209.    Defendant's breaches were gross and wanton, evidencing a reckless disregard for the rights of Plaintiffs.

210.    Defendant's breaches were the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

211.    As a result of Defendant's negligence and gross negligence, Plaintiffs have suffered damages and are entitled to recover compensatory and punitive damages from the Defendant in an

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 39

amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs respectfully request Judgment in their favor and against Defendant as follows:

(a)  For the Defendant to be adjudged liable to Plaintiffs upon Plaintiffs' first through sixth causes of action;

(b)  For an award of actual damages to be paid by Defendant to Plaintiffs, in an amount to be determined at trial but currently estimated not to exceed $5,740,000.00, relating to Plaintiffs' first through sixth causes of action;

(c)  For an order *permanently enjoining* Defendant from using Plaintiffs' Images for any purpose;

(d)  For punitive damages and treble damages under the Lanham Act, 15 U.S.C. § 1117, and the Oregon's Unlawful Trade Practices, O.R.S. § 646.605;

(e)  For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action pursuant to the Lanham Act, 15 U.S.C.§ 1117, and the Oregon's Unlawful Trade Practices, O.R.S. § 646.605; and

(f)  For such other and further relief as the Court may deem just and proper.

DATED this 26th day of July 2023

Respectfully submitted,

KB Law, LLC

By: *s/ Kenji Kozuma*
Kenji Kozuma, OSB# 954806
Email: kenji@kblawpdx.com

COMPLAINT AND
DEMAND FOR JURY TRIAL - PAGE 40

**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457 | F: 855-220-9626

4011 NE Hancock Street
Portland, Oregon 97212
O: (503) 206-8122
D: (503) 449-4132
F: (503) 477-9132
Of Attorneys for Plaintiffs

Joseph N. Casas (*pro hac vice* application to
        be filed)
joseph@talentrights.law
THE CASAS LAW FIRM, P.C.
402 West Broadway Street, Suite 400
San Diego, California 92101
P: 855-267-4457
F: 855-220-9626
Of Attorneys for Plaintiffs